IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| AMANDA LAWRENCE,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL LINGUIST SOLUTIONS LLC,<br><br>Defendant. | Case No. 1:12-cv-148-JRH-WLB |

## RULE 26(f) REPORT

1. Date of Rule 26(f) conference: April 25, 2013

2. Parties or counsel who participated in conference: John Batson for Plaintiff Amanda Lawrence; Charlotte Main and Rebecca Roche for Defendant Global Linguist Solutions LLC.

3. If any defendant has yet to be served, please identify the defendant and state when service is expected: N/A

4. Date the Rule 26(a)(1) disclosures were made or will be made: Rule 26(a)(1) disclosures will be made within thirty (30) days of the Court's ruling on Defendant's Motion to Dismiss Pursuant to Rule 12(b)(2), (3) and (6) or In the Alternative, to Transfer ("the Motion.")

5. If any party objects to making the initial disclosures required by Rule 26(a)(1) or proposes changes to the timing or form of those disclosures:

(a) Identify the party or parties making the objection or proposal: Both parties propose a change to the timing of the initial disclosures.

(b) Specify the objection or proposal: The parties have agreed to exchange their initial disclosures under Rule 26(a)(1) within thirty (30) days of the Court's ruling on the Defendant's Motion to Dismiss or Transfer.

6. The Local Rules provide a 140-day period for discovery. If any party is requesting additional time for discovery,

(a) Identify the party or parties requesting additional time: Both Parties.

(b) State the number of months the parties are requesting for discovery:

Both Parties request a stay of discovery until such time as the Court rules on the pending Motion. Plaintiff requests six months for discovery.

(c) Identify the reason(s) for requesting additional time for discovery:

| | |
|---|---|
| _____ | Unusually large number of parties |
| _____ | Unusually large number of claims or defenses |
| \_\_\_X\_\_\_ | Unusually large number of witnesses |
| _____ | Exceptionally complex factual issues |
| \_\_\_X\_\_\_ | Need for discovery outside the United States |

Other:

(d) Please provide a brief statement in support of each of the reasons identified above:

For the reasons noted in the Parties' Consent Motion to Stay Discovery, both Parties request a stay of all discovery until such time as the Court rules on the pending Motion.

Plaintiff is also requesting additional time for discovery for the reasons noted in 6(c). It is Plaintiff's position that the witnesses, including those who are the agents of Defendant, were employed in a business overseas when the facts giving rise to the injuries occurred, and it is likely that these persons are either overseas or at random locations across the country, and that six to twelve depositions will need to be taken out of state, which requires extra time and expense.

7. If any party is requesting that discovery be limited to particular issues or conducted in phases, please: N/A.

(a) Identify the party or parties requesting such limits:

To the extent that the motion to stay discovery is a request seeking a limit to discovery, then it is sought by both Parties.

(b) State the nature of any proposed limits:

The motion to stay discovery would grant a stay until after the Court rules on the Defendant's motion to dismiss or transfer.

8. The Local Rules provide, and the Court generally imposes, the following deadlines:

Last day for filing motions to add or join parties or amend pleadings: 60 days after issue is joined

Last day to furnish expert witness reports and disclosures by plaintiff: 60 days after Rule 26(f) Conference

Last day to furnish expert witness reports and disclosures by defendant: 90 days after Rule 26(f) conference (or 60 days after the answer, whichever is later)

Last day to file motions: 30 days after close of discovery.

If any party requests a modification of any of these deadlines:

(a) Identify the party or parties requesting the modification: Both Parties request a stay of discovery and modifications of the above deadlines as set forth below. Plaintiff requests six months to complete discovery.

(b) State which deadline should be modified and the reason supporting the request: For the reasons noted in the Parties' Consent Motion to Stay Discovery, both Parties request a stay of all discovery until such time as the Court rules on the pending Motion and modifications of the above deadlines as set forth below.

Last day for filing motions to add or join parties or amend pleadings: 60 days after issue is joined, but in no circumstances prior to the Court's ruling on the pending Motion.

Last day to furnish expert witness reports and disclosures by plaintiff: 60 days after the Court rules on the pending Motion.

Last day to furnish expert witness reports and disclosures by defendant: 90 days after the Court rules on the pending Motion.

Last day to file motions: 30 days after close of discovery, but in no circumstances prior to the Court's ruling on the pending Motion.

Plaintiff is also requesting an additional six months to complete discovery.

9. If the case involves electronic discovery,

(a) State whether the parties have reached an agreement regarding the preservation, disclosure, or discovery of electronically stored information, and if the parties prefer to have their agreement memorialized in the scheduling order, briefly describe the terms of their agreement:

The parties discussed the types of electronically-stored information that may be discoverable and the form(s) in which that information may be available and produced. The parties do not expect there to be significant electronic discovery in this case and have agreed to discuss the relevancy, availability, and retrieval of electronically-stored information as necessary throughout the discovery period. When properly requested in discovery or otherwise required to be produced pursuant to the Rules, electronically stored discoverable information shall be provided to the opposing party either by email, by providing the opposing party with a CD-ROM or DVD containing the electronically stored data in its native format or in PDF format, or by printing the material and then faxing or mailing it to the demanding party.

(b) Identify any issues regarding electronically stored information as to which the parties have been unable to reach an agreement:

N/A.

10. If the case is known to involve claims of privilege or protection of trial preparation material,

(a) State whether the parties have reached an agreement regarding the procedures for asserting claims of privilege or protection after production of either electronic or other discovery material:

The parties have reached an agreement regarding the procedures for asserting privilege claims after production of electronic or other discovery material.

(b) Briefly describe the terms of any agreement the parties wish to have memorialized in the scheduling order (or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters):

The parties anticipate that there may be limited issues relating to claims of privilege once discovery commences. Both parties agree to address each issue on a case-by-case basis.

(c) Identify any issues regarding claims of privilege or protection as to which the parties have been unable to reach an agreement:

N/A.

11. State any other matters the Court should include in its scheduling order:

(a) Protective Order: The parties discussed the probable need for a protective order in this action because of the nature and confidentiality of some of the documents and information likely to be sought in discovery. Should a protective order be necessary, the parties have agreed to work together to propose jointly an order to the Court.

(b) Inadvertent Production: The parties agree that the inadvertent production of documents subject to a claim of privilege or immunity shall not constitute a waiver of the immunity or

privilege.  Such inadvertently produced documents and all copies thereof shall be returned to the producing party within two (2) days of discovery or notice of the inadvertent production, whichever occurs earlier.

(c) Assignment to Magistrate Judge:  The parties do not consent to trying this case before a U.S. Magistrate Judge.

12. The parties certify by their signatures below that they have discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case. Please state any specific problems that have created a hindrance to the settlement of the case:

Because the Plaintiff-employee and the person who Plaintiff alleges to have been the harasser, and who Plaintiff alleges to have had some supervisory authority were married, and for a period lived together in housing provided by the employer where some of the alleged abuse occurred, the case is hard to evaluate.

This 13th day of May, 2013.

Signed:

| FOR PLAINTIFF | FOR DEFENDANT |
|---|---|
| /s/ John P. Batson | /s/ Rebecca Signer Roche |
| John P. Batson | Rebecca Signer Roche (admitted *pro hac vice*) |
| P.O. Box 3248 | Littler Mendelson, P.C. |
| Augusta, GA 30914 | 1650 Tysons Boulevard, Suite 700 |
| Telephone: 706.737.4040 | McLean, VA 22102 |
| jpbatson@aol.com | Telephone: 703.286.3142 |
| | Facsimile: 703.442.8428 |
| Counsel for Plaintiff Amanda Lawrence | rroche@littler.com |
| | |
| | Charlotte Main (GA Bar No. 484223) |
| | Kurt Peterson (*pro hac vice* application to be filed) |
| | Littler Mendelson, P.C. |
| | 3344 Peachtree Road, N.E., Suite 1500 |
| | Atlanta, GA 30326-1008 |
| | Telephone: 404.233.0330 |
| | Facsimile: 404.223.2361 |
| | cmain@littler.com |
| | |
| | Counsel for Defendant Global Linguist Solutions LLC |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th of May, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to the following attorney of record:

>John P. Batson
>P.O. Box 3248
>Augusta, GA 30914
>Tel: 706-737-4040
>Email: jpbatson@aol.com

>/s/ Rebecca S. Roche
>Rebecca S. Roche