```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF VIRGINIA

                         Alexandria Division


AMANDA LAWRENCE                )
                               )
     Plaintiff,                )
                               )
          v.                   )    1:13cv1207 (JCC/TRJ)
                               )
GLOBAL LINGUIST SOLUTIONS      )
LLC,                           )
                               )
     Defendant.                )
```

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Global Linguist Solutions, LLC's ("Defendant" or "GLS") Motion to Dismiss. [Dkt. 29.] For the following reasons, the Court will grant Defendant's Motion to Dismiss.

### I. Background

This case arises out of a former employee's claims of gender discrimination, hostile work environment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII").

A. Factual Background

Plaintiff Amanda Lawrence ("Plaintiff") is an American citizen formerly employed by GLS in Kuwait. (Compl. ¶¶ 24, 26.)

1

Defendant GLS is a Delaware corporation that maintains a facility on a military base in Kuwait. (Compl. ¶ 35.)

In March 2009, Plaintiff moved to Kuwait as an employee of another company. (Compl. ¶ 30.) In May 2009, Plaintiff met Todd Lawrence ("Mr. Lawrence"), GLS's manager for linguistics in the Middle East. (Compl. ¶ 32.) Plaintiff and Mr. Lawrence married in January 2010 and Plaintiff became employed by GLS in September 2010. (Compl. ¶¶ 33, 34.) That same month, Plaintiff and Mr. Lawrence moved into housing provided by GLS in Kuwait. (Compl. ¶ 36.)

Plaintiff alleges that beginning in the fall of 2010 Mr. Lawrence began to physically abuse her. (Compl. ¶¶ 37-40.) Plaintiff alleges that she informed supervisors at GLS about this abuse, but no corrective action was taken. (Compl. ¶¶ 40-45.) In July 2010, Mr. Lawrence moved out of the apartment he and Plaintiff shared and asked for a divorce. (Compl. ¶ 47.)

Plaintiff alleges that beginning around July 2011, GLS managers subjected her to a changed work schedule, that she received a rude phone call from a manager after a meeting regarding working hours and the costs of transportation, and that she was instructed to cease communications with Mr. Lawrence or she would be fired and have her security clearance canceled. (Compl. ¶¶ 51, 53, 64.) Additionally, Plaintiff alleges that she was accused of leaving work early and received

2

harassing calls about having the desk she staffed covered at all times.  (Compl. ¶¶ 78, 80, 81.)

In late October or early November 2011, GLS fired Plaintiff.  (Compl. ¶ 85.)  Plaintiff alleges that she was subjected to further harassment and retaliation in the termination process.  Plaintiff avers that GLS improperly withheld her passport and wrongfully changed her termination from a reduction in force ("RIF") to a termination for cause, preventing her from receiving unemployment benefits.  (Compl. ¶¶ 100, 106-108.)  Plaintiff alleges that GLS replaced her with a male employee.  (Compl. ¶ 119.)

On May 15, 2012, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC").  (Compl. ¶ 15.)  On June 28, 2012, the EEOC issued a Notice of Right to Sue.  (Compl. ¶ 17.)  Plaintiff filed this action in the United States District Court for the Southern District of Georgia on September 27, 2012, within 90 days of her receipt of the Notice of Right to Sue.  [Dkt. 1.]

B.   Procedural Background

On September 27, 2012, Plaintiff filed her Complaint against GLS in the United States District Court for the Southern District of Georgia.  [Dkt. 1.]  On February 8, 2013, GLS filed its Motion to Dismiss Pursuant to Rule 12(b)(2), (3) and (6) or,

3

in the Alternative to Transfer.  [Dkt. 7.]  On September 25, 2013, the Honorable J. Randal Hall granted in part and denied in part Defendant's motion and directed the clerk to transfer this case to the United States District Court for the Eastern District of Virginia, Alexandria Division.  [Dkt. 18.]

On November 22, 2013, Defendant filed its Motion to Dismiss.  [Dkt. 29.]  Plaintiff filed her opposition to Defendant's Motion to Dismiss on December 5, 2013.  [Dkt. 37.]  Defendant filed its reply on December 11, 2013.  [Dkt. 38.]

Defendant's Motion to Dismiss is before this Court.

## II.  Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted).  The Supreme Court has stated that in order "[t]o survive a motion to dismiss, a [c]omplaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679 (citations omitted). While legal conclusions can provide the framework for a complaint, all claims must be supported by factual allegations. *Id.* Based upon these allegations, the court will determine whether the plaintiff's pleadings plausibly give rise to an entitlement to relief. *Id.* Legal conclusions couched as factual allegations are not sufficient, *Twombly,* 550 U.S. at 555, nor are "unwarranted inferences, unreasonable conclusions, or arguments," *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). Moreover, the plaintiff does not have to show a likelihood of success; rather, the complaint must merely allege - directly or indirectly - each element of a "viable legal theory." *Twombly,* 550 U.S. at 562-63. In addition, at the motion to dismiss stage, the Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. *Iqbal,* 556 U.S. at 678.

An employment discrimination plaintiff need not allege specific facts establishing a prima facie case of discrimination. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 515 (2002); *Bass v. E.I. Dupont de Nemours & Co.,* 324 F.3d 761, 765

5

(4th Cir. 2003).  The prima facie case under *McDonnell Douglas* is an evidentiary standard, not a pleading requirement. *Swierkiewicz*, 534 U.S. at 510-11 ("[The Supreme Court] has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss.").  Nevertheless, a plaintiff retains the burden of pleading sufficient factual matter to state a plausible claim for relief.  *Twombly,* 550 U.S. at 570.

### III. Analysis

Plaintiff's Complaint contains three causes of action: (1) gender discrimination; (2) hostile work environment; (3) retaliation.  Defendant's Motion to Dismiss seeks dismissal of Plaintiff's gender discrimination claim.  Plaintiff's gender discrimination claim appears to contain two theories: disparate treatment and discriminatory discharge.  The Court will consider each theory in turn.

#### A. <u>Disparate Treatment Claim</u>

Defendant argues that Plaintiff's disparate treatment claim lacks facial plausibility because she does not advance any facts which, if proven true, would demonstrate that: (1) Plaintiff performed her job satisfactorily; (2) she was treated differently from similarly situated male employees.  (Mem. at 5.)  Plaintiff argues that based on the totality of the

6

circumstances, she has pled a plausible claim of disparate treatment based on gender.

Title VII makes it "an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).

Absent direct evidence, to state a claim of disparate treatment sufficient to withstand a Rule 12(b)(6) motion, a plaintiff must show: "(1) she is a member of a protected class; (2) she has satisfactory job performance; (3) she was subject to adverse employment action; and (4) similarly situated employees outside her class received more favorable treatment."  *Prince-Garrison v. Md. Dep't of Health and Mental Hygiene*, 317 F. App'x 351, 353 (4th Cir. 2009).  Defendant has not disputed that, for purposes of this motion to dismiss, Plaintiff is a member of a protected class or that Plaintiff was subject to adverse employment action.

Plaintiff has not, however, adequately pled the second element of her prima facie case – that she was performing her job duties satisfactorily.  In *Tohotcheu v. Harris Teeter*, this Court found that where a plaintiff's complaint contained only

7

the "conclusory statement that 'he was a very good or outstanding employee' who completed work beyond his employer's expectations," the plaintiff failed to sufficiently plead this element of his discrimination claim.  No. 1:11-CV-767, 2011 WL 5873074, at *3 (E.D. Va. Nov. 22, 2011); *see also Tibbs v. Baltimore City Police Dep't*, No. RDB-11-1335, 2012 WL 365564, at *4 (D. Md. Aug. 23, 2012) (dismissing disparate treatment claim where plaintiff failed to allege that her job performance was satisfactory).  Here, Plaintiff's Complaint alleges only that in October or early November 2011, a little over a year after she was hired, Plaintiff was informed that "she would be RIF'd." (Compl. ¶ 85.)  Plaintiff argues that because "a legitimate RIF is done without focus on fault" the Court may draw an inference that Plaintiff was performing satisfactorily at the time of her termination.  (Opp'n at 2.)  The Court finds, however, that Plaintiff has advanced no factual allegations that would allow for such an inference.  Plaintiff's Complaint does not allege that she was performing satisfactorily; it states only that Plaintiff was "RIF'd."  (Compl. ¶ 85.)  Even accepting Plaintiff's argument that a RIF is done without an inquiry into fault, the fact that Plaintiff was terminated through a RIF does not appear to point the Court to any facts – favorable or unfavorable – regarding her on-the-job performance.

8

Defendant further argues that Plaintiff fails to point to any similarly situated male comparators who were treated differently than Plaintiff. (Mem. at 6.) Defendant argues that Plaintiff points only to Mr. Lawrence as an individual who was given more favorable treatment because of gender. Mr. Lawrence, as a manager, was not similarly situated to Plaintiff. (Mem. at 6.) Plaintiff argues that she may state a Title VII claim without reliance on comparator proof. (Opp'n at 5.)

"Plaintiffs are not required as a matter of law to point to a similarly situated comparator to succeed on a discrimination claim." *Haywood v. Locke*, 387 F. App'x 355, 359 (4th Cir. 2010) (citing *Bryant v. Aiken Reg'l Med. Ctrs., Inc.*, 333 F.3d 536, 545 (4th Cir. 2003)). However, in this case, Plaintiff has based her allegations "completely upon a comparison to an employee from a non-protected class and therefore the validity of [her] prima facie case depends upon whether that comparator is indeed similarly situated." *Haywood*, 387 F. App'x at 359. A plaintiff must show that she is "similar in all relevant respects to [her] comparator." *Id.* Employees are similarly situated where they "dealt with the same supervisor, [were] subject to the same standards and . . . engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Id.*

Plaintiff has not clearly identified which other similarly situated GLS employees received more favorable treatment than she.  Plaintiff appears to point to her ex-husband Mr. Lawrence, GLS's manager for linguistics in the Middle East, as a relevant comparator.  (Compl. ¶¶ 67-72.)  Plaintiff alleges that she was "to operate under more arduous and different rules from Lawrence, a male" with regards to her and Mr. Lawrence's communications in the workplace.  (Compl. ¶ 70.)  Plaintiff further alleges that she was the only employee "blamed and admonished" for a meeting regarding hours and costs of transportation and that the co-worker with whom she attended lunch on a particular occasion was not "similarly chastised" for taking a lunch break.  (Compl. ¶¶ 54, 82.)

Plaintiff fails to plead any facts on which to find that the individuals she references in her Complaint are "similarly situated" to her for purposes of her disparate treatment claim.  The other employees not chastised by GLS management are only given passing references in the Complaint.  Additionally, while Plaintiff appears to allege that she and Mr. Lawrence were similarly situated, the Complaint "fails to establish a plausible basis for believing [they] were actually similarly situated."  *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 191 (4th Cir. 2010).

10

Accordingly, the Court will dismiss Plaintiff's disparate treatment claim.

B.  Discriminatory Discharge Claim

Defendant argues that Plaintiff fails to plead a prima facie case of discriminatory discharge under Title VII. Absent direct evidence, to state a claim of discriminatory discharge, a plaintiff must show: "(1) that he is a member of a protected class; (2) that he suffered from an adverse employment action; (3) that at the time the employer took the adverse employment action he was performing at a level that met his employer's legitimate expectations; and (4) that the position was filled by a similarly qualified applicant outside the protected class." *King v. Rumsfeld*, 328 F.3d 145, 149 (4th Cir. 2003). Defendant argues that Plaintiff fails to sufficiently allege that she was performing at a level that met her employer's legitimate expectations or that a similarly qualified male applicant replaced her.

As in Plaintiff's disparate treatment claim, Plaintiff's discriminatory discharge claim fails to plead the required element of satisfactory job performance. Plaintiff's Complaint does not allege that she was meeting legitimate expectations. While Plaintiff claims that the allegations concerning the RIF are sufficient on this point, as above, the Court disagrees. Plaintiff has, however, adequately plead that

11

Defendant filled the position with an employee outside the protected class.  Plaintiff's Complaint alleges that GLS "replaced Plaintiff with a male."  (Compl. ¶ 119.)  For purposes of a motion to dismiss this is sufficient.

Accordingly, the Court will dismiss Plaintiff's discriminatory discharge claim.

### IV.  Conclusion

For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss.  The Court will dismiss Plaintiff's gender discrimination claims without prejudice.

An appropriate Order will issue.

|  |  |
|---|---|
|  | /s/ |
| December 19, 2013 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |